# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                :        Case No. 3:00-cr-070

                                    District Judge Walter Herbert Rice
   -vs-                               Chief Magistrate Judge Michael R. Merz

                               :

WALTER REAMEY, JR.,

    Defendant.

---

**REPORT AND RECOMMENDATIONS ON POST-JUDGMENT OBJECTIONS**

---

This case is before the Court on Defendant Walter Reamey, Jr.'s, Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 144). The United States filed an Answer (Doc. No. 150) and Defendant filed a Reply to that Answer (Doc. No. 151). On May 27, 2008, the Magistrate Judge recommended that the Motion to Vacate be denied (Report and Recommendations, Doc. No. 155). The Postal service returned the Report on the basis of an insufficient address and it was remailed to Defendant on June 12, 2008 (See Doc. No. 156). In the meantime, however, the Court, having received no objections from Defendant, adopted the Report and denied the Motion with prejudice (Order and Judgment, Doc. Nos. 157, 158). Defendant then filed his Objections on July 1, 2008. Because the Objections were timely filed, the Court should treat them as a motion for relief from judgment.

The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Defendant's Objections are dealt with below in the order in which they are presented.

Defendant objects to the Report because he never consented to a magistrate judge ruling on his case (Doc. No. 159 at 1). No such consent is required for a referral when the magistrate judge

merely recommends a disposition, rather than ruling finally on the case.

Defendant objects that Attorney Aaron Durden lied to him about the grand jury transcript being sealed, referring to the unsealing order entered by the undersigned on August 30, 2008 (Doc. No,. 5). Defendant is mistaken: the order in question unseals the indictment, not any transcript of grand jury proceedings.

Defendant claims (Objections at 4) that the Court refused to permit him to proceed *pro se*. No motion to do so was ever made.

Defendant again claims that he was subjected to perjured testimony by Dayton Police Officer Greg Vance, but does not allege what the perjury was, nor does he offer any excuse for failing to present this claim on his direct appeal.

Defendant claims he doesn't know anyone else involved with this case and should be acquitted on that basis alone (Objections at 7.) A jury found otherwise by proof which satisfied it beyond a reasonable doubt and the Court of Appeals affirmed the conviction.

Defendant repeats (Objections at 8) the claim dealt with in the Report that he had witnesses Mr. Durden failed to call, but he does not name those witnesses nor does he proffer what their testimony would have been.

Defendant complains at some length that others allegedly involved with this crime were not sentenced to jail time and lied on the witness stand. Again, his sentence was affirmed by the Court of Appeals.

Defendant claims Attorney Durden admitted Defendant's guilt in a brief filed August 3, 2005 (Objections at 19). No such admission is made in the document in question, Defendant's Post-Remand Sentencing Memorandum (Doc. No. 128).

Defendant complains repeatedly that Dayton Officer Vance perjured himself at the detention hearing in this case, yet he offers no proof that that is true. In any event, any error on pretrial

detention would not entitle Defendant to release after conviction.

Defendant complains several times that he wrote to Secretary of State Colin Powell and Attorney General John Ashcroft to ask them to take Mr. Durden off his case. They of course had no power to do so.

The Objections are without merit. Therefore, Defendant's motion for relief from judgment should be denied.

July 14, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).